IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICTOR ZAMORA**, | § | |
| | § | |
| Plaintiff | § | |
| | § | Case No. _____ |
| vs. | § | |
| | § | |
| **PROCOLLECT, INC** | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

**PLAINTIFF VICTOR ZAMORA'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Victor Zamora ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the

prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

3. The TCPA prohibits calls to a cell phone made with an auto dialer or with a prerecorded voice unless prior express consent is given. Plaintiff never so consented.

4. ProCollect, Inc. ("**ProCollect**" or "**Defendant**") called Plaintiff's cell phone using an auto dialer and/or a pre-recorded voice. Because Plaintiff had not given his consent to receive calls on his cell phone from ProCollect, these calls violated the TCPA.

5. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

6. Plaintiff believe that ProCollect's practices of violating the TCPA are widespread. Plaintiff intends to propound discovery to ProCollect identifying other individuals who have suffered similar violations.

## Parties

7. Plaintiff Victor Zamora is a resident of the State of Texas and this District.

8. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number 469-260-8966.

9. Defendant is a Texas corporation with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, TX 75243-4579, which may be served with process by serving its registered agent for service of process, John W. Bowdich, at 10440 N. Central Exprwy., Suite 520, Dallas, TX 75231.

## Jurisdiction & Venue

10. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper pursuant to 28 U.S.C. § 139 (b) because the Plaintiff is a resident of this District and the acts occurred in this District

## Article III Standing

12. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc. v. Robins*, --- S.Ct. ---, 2016 WL 2842447, at *5 (U.S. May 16, 2016). Plaintiff was harmed by Defendant's actions of calling his cell phone without consent and with an ATDS and/or a pre-recorded voice in the following manners:

   a. Plaintiff's privacy was invaded by Defendant;

   b. Plaintiff was harassed and abused by Defendant's telephone calls;

   c. Defendant's calls were a nuisance to Plaintiff;

   d. Defendant's calls upset Plaintiff emotionally;

   e. Plaintiff's cell phone was unavailable for other use while processing the illegal calls from Defendant;

  f. Defendant illegally seized Plaintiff's cellular telephone line while they made illegal calls to Plaintiff's cellular telephone;

  g. Plaintiff's cellular telephone line was occupied by multiple unauthorized calls from Defendant;

  h. Defendant's seizure of Plaintiff's cellular telephone line was intrusive; and

  i. Plaintiff was inconvenienced by, among other things, hearing his cell phone ring, having to check the calling party and having to delete messages left by Defendant.

**The Telephone Consumer Protection Act**

13. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robocalls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

15. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

19. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *See FCC Declaratory Ruling,* 23 F.C.C.R. at 564-65.

20. In the same Declaratory Ruling, the FCC emphasized that both the creditors and third party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.") *See also Maryland v. Universal Elections*, 729 F.3d 370, 378-379 (4th Cir. 2013) ("[T]he language of the [TCPA] indicates that it

is intended to apply to the individuals who use the autodialing systems that place calls, and not just to the autodialing services themselves").

21. On July 10, 2015 the FCC confirmed it previous rulings that an autodialer included equipment that generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. The FCC also reiterated that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason. FCC 15-72.

**Factual Allegations**

22. Defendant maintains a website, on which Defendant states: "ProCollect recently upgraded its predictive/auto dialer technology to a hosted internet based solution. With technology changing faster and faster, auto dialer hardware can become obsolete within a few years. In order to always be at the forefront of the auto dialer technology we concluded that a host solution would be most advantageous. This new technology sets the standard for call center optimization by employing proprietary algorithms and dialing logic with SIP/VoIP technology. This enables us to apply Interactive Voice Communication strategies that maximize our right party connectivity with each attempt, delivering the highest return on our investment."

23. The principal purpose of Defendant is the collection of debts in this state and other states, and Defendant regularly attempts to collect debts alleged to be due to another.

24. In the four years prior to filing this lawsuit, Plaintiff received a telephone call on his cell phone from Defendant. A pre-recorded voice left a message that the call was in an attempt to collect a debt and for Plaintiff to contact ProCollect. In the four years prior to filing this lawsuit, Plaintiff has received multiple other calls on his cell phone from ProCollect each of which used a pre-recorded voice

25. At all times relevant herein, Defendant called Plaintiff's cellular telephone using an artificial or prerecorded voice and/or an ATDS.

26. Within the four years prior to the filing to this lawsuit, Defendant has been placing telephone calls to Plaintiff's cellular telephone number, 469-260-8966.

27. Plaintiff is the subscriber for and regular user of cell phone number 469-260-8966. Plaintiff is charged for calls made to cell phone number 469-260-8966 via a monthly charge.

28. ProCollect placed automated calls to Plaintiff' cell phones using an automatic telephone dialing system ("**ATDS**") "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)."

29. When the calls connected, there was an audible click from the receiver. After a significant pause, a message was left by ProCollect by a prerecorded voice. As

such, the calls at issue were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff' numbers without human intervention.

30. The facts in the preceding paragraph indicate calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1).

31. On many of the calls ProCollect left a message consisting of a prerecorded voice. Plaintiff listened to the message and recognized that it was not a live person leaving the message but an automated voice recording.

32. The facts in the preceding paragraph indicate calls were placed using an "artificial or prerecorded voice."

33. Plaintiffs have not provided ProCollect with his cell phone number or permission to call his cell phone number.

34. None of the calls at issue were placed by ProCollect to Plaintiff's cell phone were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

35. Beginning with the date four years before the filing of this Complaint, ProCollect placed phone calls to Plaintiff' cellular telephone number(s) using an auto dialer or with a prerecorded voice in an effort to collect on an alleged debt.

## Legal Claims

### Count One Against ProCollect:

### Violation of the TCPA's provisions prohibiting auto-dialed and prerecorded message calls to cell phones

36. Plaintiff incorporate the allegations from all previous paragraphs as if

fully set forth herein.

37. ProCollect repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff' prior express consent in violation of the federal law, including 47 U.S.C. §227(b)(1)(A)(iii). Thus, ProCollect violated the TCPA by initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number assigned to a cellular telephone service.

38. In making the calls Defendant violated Plaintiff's right to privacy and Plaintiff suffered actual damages as a result.

39. Plaintiff is informed, believes and alleges that ProCollect' violations of the TCPA described above were done willfully and knowingly.

40. The willful and knowing nature of ProCollect' conduct is exhibited in part by the following facts:

    a. ProCollect is a large corporation with access to legal advice through its own regulatory department and outside consumer-law counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b. ProCollect knew or had reason to know that its conduct was inconsistent with published FCC guidance interpreting the TCPA and the plain language of the statute;

    c. ProCollect knew that Plaintiff had not consented to calls to his cell phone as ProCollect did not receive Plaintiff's cell phone numbers from Plaintiff;

    d.   Upon information and belief ProCollect knew that permission was required before ProCollect could call Plaintiff' cell phone using an auto-dialer or a prerecorded voice;

    e.   ProCollect has been sued before for violations of the TCPA; and

    f.   Upon information and belief ProCollect was aware of the requirements of the TCPA, but choose to not to comply with those requirements.

41.   Plaintiff is entitled to actual damages and/or damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3) because the violations were willful and knowing violations of the TCPA.

### Relief Sought

42.   Plaintiff request the following relief:

    a.   That ProCollect be found liable under the TCPA and Plaintiff be awarded actual damages, including those damages attributable to Defendant violating Plaintiff's right to privacy, reckless and/or negligent TCPA violations in an amount to be determined at trial or statutory damages of $500 per call for each negligent violation of the TCPA, and $1,500 per call for each willful/knowing violation of the TCPA; and

    b.   Plaintiff be granted other relief as is just and equitable under the circumstances.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By:   /s/ *Chris R. Miltenberger*
          Chris R. Miltenberger
          Texas State Bar Number 14171200

The Law Office of Chris R. Miltenberger, PLLC
 1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff